# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-3772

_____

Danny Hufford, Special Administrator    *
of the Estate of Ricky W. Hufford,    *
deceased, representing himself; Dian    *
Ramsey Mefferd; James Hufford;    *
Johnny Hufford; Alicia Hufford;    *
Florence Hufford; The Estate of the    *
Deceased,    *
   *
      Appellants,    *
   *
      v.    *   Appeal from the United States
   *   District Court for the Western
Kenneth Ross, Individually and in his    *   District of Arkansas.
Official Capacity as Sheriff, Franklin    *
County; Marguerite Burleson,    *       [UNPUBLISHED]
Individually and in his Official Capacity    *
as Jail Administrator, Franklin County    *
Detention Center; John Putman,    *
Individually and in his Official Capacity    *
as Employee, Franklin County Detention    *
Center; Jeff Doe, Individually and in his    *
Official Capacity as Employee, Franklin    *
County Detention Center; John Doe,    *
Individually and in his Official Capacity    *
as Employee, Franklin County Detention    *
Center; County of Franklin; Jeff Farris,    *
   *
      Appellees.    *

_____

Submitted: April 20, 1999

Filed: May 26, 1999
_____

Before BEAM and HANSEN, Circuit Judges, and KOPF,[1] District Judge.
_____

PER CURIAM.

Ricky Hufford had a history of hospitalizations and commitments for mental illness. He was arrested in Sebastian County, and was transferred the same day to Franklin County Detention Center. Eight days later, Hufford committed suicide by hanging himself in his cell. The plaintiffs brought this action against Franklin County and individual county employees under 42 U.S.C. § 1983, alleging violations of the Eighth Amendment. In addition, they allege tort claims of negligence and outrage, and a cause of action under the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101. The district court granted summary judgment to the defendants. We affirm.

The court found that, although plaintiffs presented evidence of negligence, they failed to establish that the defendants acted with the deliberate indifference required to trigger liability under the Eighth Amendment in prisoner care or prisoner suicide cases. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The court further found that the individual defendants are entitled to qualified immunity and that the County defendants are immune from liability under Arkansas Code § 21-9-301, and under Monell v. Department of Soc. Servs., 436 U.S. 658 (1978). We agree with the well-reasoned

---

[1]The Honorable Richard G. Kopf, United States District Court Judge for the District of Nebraska, sitting by designation.

opinion of the district court regarding the section 1983 and tort claims, and write only to expand the discussion of the claim brought under the Arkansas Civil Rights Act.

Under the Farmer deliberate indifference standard, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. The plaintiffs argue that a less rigorous standard of "conscious indifference" should be applied to the Arkansas civil rights claim. See Shepherd v. Washington County, 962 S.W.2d 779 (Ark. 1998), In Shepherd, the Arkansas Supreme Court stated that "[w]hile the definition [of deliberate indifference] announced in Farmer may work well in analyzing claims of cruel and unusual punishment within the framework of the Eighth Amendment, we do not agree that such a standard of conduct is appropriate under our State's civil-rights law." Id. at 790. The Shepherd court went on to define the conscious indifference standard.

We find the district court did not err in applying the Farmer deliberate indifference standard to Hufford's Arkansas civil rights claim because Shepherd does not apply. In Shepherd, the plaintiff was a civilian who was killed by a prisoner attempting to escape while at a private medical clinic for treatment. The claim asserted in Shepherd was brought under the provisions of the Arkansas Constitution granting persons the right to enjoy and defend life and liberty, and guaranteeing due process of law in relation to a deprivation of life, liberty, or property. Shepherd's claim was essentially a due process claim brought under a state-created danger theory. See id. at 788; Ark. Const. art. II, §§ 2, 8. In contrast, the Arkansas civil rights claim at issue here is brought under article II, section 9 of the Arkansas Constitution, which essentially mirrors the Eighth Amendment of the United States Constitution. The Shepherd court itself noted that the deliberate indifference standard is appropriate for analyzing claims brought under the Eighth Amendment. See Shepherd, 962 S.W.2d at 790. The plaintiffs offer no evidence that the protections of section nine of the Arkansas Constitution are any greater than those provided by the Eighth Amendment.

Thus we conclude that the Arkansas Supreme Court would apply the deliberate indifference standard explained in <u>Farmer</u> if presented with the facts of this case.

Accordingly, the judgment of the district court is affirmed. <u>See</u> 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.